### DEITSCH et al. v. GIBSON.

(District Court, S. D. New York. August 1, 1912.)

TRADE-MARKS AND TRADE-NAMES (§ 93*)—SUIT FOR INFRINGEMENT—EVIDENCE CONSIDERED.

· Evidence *held* not to establish the right of complainants to the exclusive use of the name "Marguerite" as a trade-mark for toothbrushes, but to show its prior use by defendant.

· [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 104–106; Dec. Dig. § 93.*]

In Equity. Suit by Charles Deitsch and Edward J. Deitsch, trading under the firm name of Deitsch Bros., against George R. Gibson. On final hearing. Decree for defendant.

· Joseph L. Levy, for complainants.
William L. Marshall, for defendant.

PLATT, District Judge. The matters at issue upon the bill and answer were heard by me last April, when oral arguments were made by both counsel. There was much trouble about the record, and printed briefs were not at hand. I listened to the arguments with patience, and, after fixing a date for the sending of briefs and a revised record, came back to my own jurisdiction. Delay after delay has occurred, with my acquiescence, in carrying out the order made by me at the hearing. Now, it being an absolute necessity that I should take a rest, which ought to have been begun some time ago, I have obtained the briefs, records, and exhibits and am in a position to treat the litigants fairly.

· This action was begun in July, 1907. Immediately thereafter a motion was made by complainants for an injunction pendente lite. This was heard by Judge Hough, who appears to have acted very kindly in the matter of granting of time for the presentation of affidavits, and had, as the record before me shows, pretty thorough information as to the facts upon which the complainants' claim of title rests. His reason for going into the matter so fully was that the fact that complainants owned a registered trade-mark put the burden upon the defendant to establish its contentions. He was satisfied that the burden was sustained, and that, on the testimony before him, the complainants could not carry their claim of title far enough back to be of avail to them against this defendant.

· On the pleadings before me, the bill alleges the adoption of the name "Marguerite," applied to toothbrushes, "at least as early as

1883." The answer denies the material allegations of the bill, and sets up affirmatively the use of the mark by Gibson since 1885, challenges the title of complainants to the mark, and sets forth that the same has acquired a secondary meaning descriptive of the style of the brush upon which it is placed. The issue threshed out before Judge Hough on the affidavits was as to whether the complainants could follow their title back to 1883. Complainants' title depended upon the absolute ownership of the mark by Martin, after the failure of the firm of Willy Wallach, by some derivative right other than bodily appropriation. Judge Hough could not discover in the affidavits any evidence which would warrant him in finding that Martin got the title from the firm of Willy Wallach in any other way than by adopting and using it without opposition. He found, therefore, that complainants' title could not be traced further back than about 1890, and, since defendant's use of the same was shown clearly to go back as far as 1888, the complainants had no right which could be enforced against the defendant.

Just a moment here for a passing word, which may or may not be relevant, according to the way in which it impresses the listener. The defendant and its predecessor have been since 1876 the sole agent in this country of Charles Loonen, of Paris, France, a manufacturer of toothbrushes on a very extensive scale. A few months prior to the filing of this bill Loonen had brought suit in this court against the present complainants to enjoin them against the infringement of certain trade-mark rights in toothbrushes. The bill filed by Loonen was demurred to, and the demurrer overruled, April 10, 1907, and the defendants ordered to answer within 20 days. The opening of actual hostilities upon the bill filed by Loonen, and the filing of the bill in this suit, together with the motion for preliminary injuncton, happen to be almost coincident in time. That is, at least, a curious thing, and particularly so when we remember that the complainants herein failed so disastrously before Judge Hough, and add that as defendants in the Loonen suit the failure seems to have been equally disastrous. Loonen v. Deitsch (C. C.) 189 Fed. 487.

Let us come back from this side excursion to the matter in hand. I have studied the record in this case with care, aided by notes taken at the oral hearing, and by the briefs now at hand from both counsel. I am unable to discover that the facts bearing upon the complainants' title have been in any way made better for the complainants. It seems, upon the final proofs, that the lack of title back of 1890 is more clearly shown that it was on the affidavits. In addition to that, defendant has established, with reasonable certainty, priority of use.

I have no time to discuss the question of the descriptive character of the word claimed as a trade-mark, or the laches of complainants. I have said enough to indicate that it is my conclusion that the bill should be dismissed, with costs.